**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GREGORY JOEL JESSIE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00238-SEB-DML |
| | ) | |
| GEO, | ) | |
| NEW CASTLE CORRECTIONAL FACILITY, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Filing Fee**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [3], is **denied** as presented. He

shall have **through February 26, 2018**, in which to renew his motion to proceed *in forma pauperis*

by attaching a copy of the transactions associated with his institution trust account for the 6-month

period preceding the filing of this action on January 26, 2018. *See* 42 U.S.C. § 1915(a)(2).

Otherwise, the plaintiff must pay the $400.00 filing fee.

**II. The Complaint**

Plaintiff Gregory Jessie-Bey (also known as Orza Salone) is a prisoner currently

incarcerated at the New Castle Correctional Facility. The plaintiff alleges that he is entitled to

$75,000.00 from GEO, New Castle Correctional Facility, and/or the Indiana Department of

Corrections because on or about June 30, 2017, Officer Reynolds tossed the items in the plaintiff's

property box (including his Moorish Science Temple of America's Nationality Card) into the

garbage. Attached to the complaint is the denial of the plaintiff's tort claim submitted to the

Indiana Department of Correction and GEO. That denial reflects that the plaintiff sought compensation in the amount of $866.17.

## III. Jurisdiction

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* at 514.

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. See § 1332(a). Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision).

Similarly, diversity jurisdiction is not available under the circumstances alleged. There is no allegation of diversity of citizenship in the complaint. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of

complaint based on diversity jurisdiction). A district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See also Hart v. FedEx Ground Package Sys. Inc*., 457 F.3d 675, 676 (7th Cir. 2006). In this case the Indiana Department of Correction and the plaintiff both appear to be citizens of Indiana. In addition, it is not enough for the plaintiff's complaint to state that he seeks $75,000 in damages when attached to the complaint is the tort claim presented to the Indiana Department of Correction via GEO Group that sought $866.17 for the destroyed property. The complaint alleges that the property thrown away included a Moorish Science Temple of America's Nationality Card, four shirts with acrylic painting on them, and food. It is simply not possible that this property was worth $75,000.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction.

## IV. Opportunity to Show Cause

The plaintiff shall have **through February 26, 2018,** in which to show cause why judgment consistent with this Entry should not Enter.

**IT IS SO ORDERED.**

Date: _____2/13/2018_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY JOEL JESSIE-BEY
944875
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362